

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 27, 2006

**BY CM/ECF**

Honorable Mary Pat Thynge
United States District Court
 for the District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    **United States v. Dwight Cornell Johnson, No. 06-01-PO MPT**

Dear Judge Thynge:

      Enclosed please find for the Court's consideration a proposed plea agreement.

                           Respectfully submitted,

                           COLM F. CONNOLLY
                         United States Attorney

              BY: _____
                         Douglas E. McCann
                         Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esquire (By CM/ECF with enclosure)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     No. 06-01-PO-MPT |
| | : |
| DWIGHT CORNELL JOHNSON, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and Eleni Kousoulis, Esquire, attorney for the Defendant, DWIGHT CORNELL JOHNSON, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count One of the Misdemeanor Information, which charges the Defendant with knowingly wearing decorations and medals authorized by Congress for the armed forces of the United States, and the ribbons of such decorations and medals, and colorable imitations thereof, to wit, the Silver Star and the Navy and Marine Corps Medal, without authorization under regulations made pursuant to law, in violation of title 18, United States Code, section 704. The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant knowingly wore a service medal or badge, or the ribbon of such medal or badge; and (ii) the Defendant did so without lawful authority. The maximum penalties for Count I are 6 months incarceration, $5,000 fine, and $10 special assessment.

2.  The Defendant knowingly, voluntarily, and intelligently admits that in or around September, 2005, at the Naval and Marine Corps Reserve Center on Kirkwood Highway, in New Castle County, in the State and District of Delaware, he knowingly wore the ribbons of decorations and medals authorized by Congress for the armed forces of the United States, to wit, the Silver Star and the Navy and Marine Corps Medal, when in fact he had never been awarded the Silver Star or the Navy and Marine Corps Medal.

3.  The Defendant agrees that at least one week prior to the date set by the Court for the Rule 11 hearing, he will surrender to an agent of the Federal Bureau of Investigation, all decorations, medals, service medals or badges awarded to members of the armed forces, or the ribbons, buttons or rosettes of any such badge, decoration or medal, or any colorable insignia thereof, that is not reflected as being earned on his DD-214. The Defendant further agrees to surrender all insignia for the rank of Sergeant Major, United States Marine Corps, at the same time.

4.  The parties stipulate that pursuant to Section 1B1.9, the United States Sentencing Guidelines do not apply to the offense to which the Defendant is pleading guilty. The United States agrees to recommend to the Court that it not impose any term of imprisonment.

5.  The Defendant understands that at sentencing, the Court must consider the factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court imposes a sentence greater than what he expects, or

imposes a sentence contrary to any stipulation of the parties or recommendation of the Government or his attorney.

6. The Defendant agrees to pay the special assessment of $10 at the time of sentencing.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

                                                COLM F. CONNOLLY
                                                United States Attorney

_____    By:  _____
Eleni Kousoulis, Esquire                                Douglas E. McCann
Attorney for Defendant                                  Assistant United States Attorney


_____
Dwight Cornell Johnson
Defendant

Dated: April 27, 2006

                                                  * * *

        **AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                               _____
                                               THE HONORABLE MARY PAT THYNGE
                                               UNITED STATES MAGISTRATE JUDGE
                                               DISTRICT OF DELAWARE